*EXHIBIT A*

HEALTH AND SAFETY CODE

TITLE 11. CIVIL COMMITMENT OF SEXUALLY VIOLENT PREDATORS

CHAPTER 841. CIVIL COMMITMENT OF SEXUALLY VIOLENT PREDATORS

SUBCHAPTER A. GENERAL PROVISIONS

Sec. 841.001. LEGISLATIVE FINDINGS. The legislature finds that a small but extremely dangerous group of sexually violent predators exists and that those predators have a behavioral abnormality that is not amenable to traditional mental illness treatment modalities and that makes the predators likely to engage in repeated predatory acts of sexual violence. The legislature finds that the existing involuntary commitment provisions of Subtitle C, Title 7, are inadequate to address the risk of repeated predatory behavior that sexually violent predators pose to society. The legislature further finds that treatment modalities for sexually violent predators are different from the traditional treatment modalities for persons appropriate for involuntary commitment under Subtitle C, Title 7. Thus, the legislature finds that a civil commitment procedure for the long-term supervision and treatment of sexually violent predators is necessary and in the interest of the state.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999.

Sec. 841.002. DEFINITIONS. In this chapter:

(1) "Attorney representing the state" means a district attorney, criminal district attorney, or county attorney with felony criminal jurisdiction who represents the state in a civil commitment proceeding under this chapter.

(2) "Behavioral abnormality" means a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person.

(3) "Case manager" means a person employed by or under contract with the office to perform duties related to the treatment and supervision of a person committed under this chapter.

(3-a)   "Civil commitment proceeding" means a trial or hearing conducted under Subchapter D, F, or G.

(4)   "Office" means the Texas Civil Commitment Office.

(5)   "Predatory act" means an act directed toward individuals, including family members, for the primary purpose of victimization.

(6)   "Repeat sexually violent offender" has the meaning assigned by Section 841.003.

(7)   "Secure correctional facility" means a county jail or a confinement facility operated by or under contract with any division of the Texas Department of Criminal Justice.

(7-a)   "Sexually motivated conduct" means any conduct involving the intent to arouse or gratify the sexual desire of any person immediately before, during, or immediately after the commission of an offense.

(8)   "Sexually violent offense" means:

(A)   an offense under Section 21.02, 21.11(a)(1), 22.011, or 22.021, Penal Code;

(B)   an offense under Section 20.04(a)(4), Penal Code, if the person committed the offense with the intent to violate or abuse the victim sexually;

(C)   an offense under Section 30.02, Penal Code, if the offense is punishable under Subsection (d) of that section and the person committed the offense with the intent to commit an offense listed in Paragraph (A) or (B);

(D)   an offense under Section 19.02 or 19.03, Penal Code, that, during the guilt or innocence phase or the punishment phase for the offense, during the adjudication or disposition of delinquent conduct constituting the offense, or subsequently during a civil commitment proceeding under Subchapter D, is determined beyond a reasonable doubt to have been based on sexually motivated conduct;

(E)   an attempt, conspiracy, or solicitation, as defined by Chapter 15, Penal Code, to commit an offense listed in Paragraph (A), (B), (C), or (D);

(F)   an offense under prior state law that contains elements substantially similar to the elements of an offense listed in Paragraph (A), (B), (C), (D), or (E); or

(G)   an offense under the law of another state, federal law, or the Uniform Code of Military Justice that contains elements substantially similar to the elements of an offense listed in Paragraph (A), (B), (C), (D), or (E).

(9)   "Sexually violent predator" has the meaning assigned by Section 841.003.

(10)   "Tracking service" means an electronic monitoring service, global positioning satellite service, or other appropriate technological service that is designed to track a person's location.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999. Amended by Acts 2003, 78th Leg., ch. 347, Sec. 16, eff. Sept. 1, 2003. Amended by:

Acts 2005, 79th Leg., Ch. 849 (S.B. 912), Sec. 1, eff. September 1, 2005.

Acts 2007, 80th Leg., R.S., Ch. 593 (H.B. 8), Sec. 3.45, eff. September 1, 2007.

Acts 2007, 80th Leg., R.S., Ch. 1219 (H.B. 2034), Sec. 5, eff. September 1, 2007.

Acts 2011, 82nd Leg., R.S., Ch. 1201 (S.B. 166), Sec. 3, eff. September 1, 2011.

Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 1, eff. June 17, 2015.


Sec. 841.003.  SEXUALLY VIOLENT PREDATOR.  (a)  A person is a sexually violent predator for the purposes of this chapter if the person:

(1)   is a repeat sexually violent offender;  and

(2)   suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence.

(b)   A person is a repeat sexually violent offender for the purposes of this chapter if the person is convicted of more than one sexually violent offense and a sentence is imposed for at least one of the offenses or if:

(1)   the person:

(A)   is convicted of a sexually violent offense, regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the person was subsequently discharged from community supervision;

(B)   enters a plea of guilty or nolo contendere for a sexually violent offense in return for a grant of deferred adjudication; or

(C)   is adjudicated by a juvenile court as having engaged in delinquent conduct constituting a sexually violent offense and is committed

to the Texas Juvenile Justice Department under Section 54.04(d)(3) or (m), Family Code; and

      (2) after the date on which under Subdivision (1) the person is convicted, receives a grant of deferred adjudication, or is adjudicated by a juvenile court as having engaged in delinquent conduct, the person commits a sexually violent offense for which the person is convicted, but only if the sentence for the offense is imposed.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999. Amended by:

    Acts 2013, 83rd Leg., R.S., Ch. 1323 (S.B. 511), Sec. 9, eff. December 1, 2013.

    Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 2, eff. June 17, 2015.


    Sec. 841.005. OFFICE OF STATE COUNSEL FOR OFFENDERS. (a) Except as provided by Subsection (b), the Office of State Counsel for Offenders shall represent an indigent person subject to a civil commitment proceeding under this chapter.

    (b) If for any reason the Office of State Counsel for Offenders is unable to represent an indigent person described by Subsection (a) at a civil commitment proceeding under this chapter, the court shall appoint other counsel to represent the indigent person.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999. Amended by Acts 2003, 78th Leg., ch. 347, Sec. 17, eff. Sept. 1, 2003.


    Sec. 841.006. APPLICATION OF CHAPTER. This chapter does not:

      (1) prohibit a person committed under this chapter from filing at any time a petition for release under this chapter; or

      (2) create for the committed person a cause of action against another person for failure to give notice within a period required by Subchapter B, C, or D.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999. Amended by Acts 2003, 78th Leg., ch. 347, Sec. 17, eff. Sept. 1, 2003.


    Sec. 841.007. DUTIES OF TEXAS CIVIL COMMITMENT OFFICE. The Texas Civil Commitment Office is responsible for:

(1)  providing appropriate and necessary treatment and supervision for committed persons through the case management system; and

(2)  developing and implementing a sex offender treatment program for persons committed under this chapter.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999. Amended by Acts 2003, 78th Leg., ch. 347, Sec. 17, eff. Sept. 1, 2003. Amended by:

Acts 2011, 82nd Leg., R.S., Ch. 1201 (S.B. 166), Sec. 4, eff. September 1, 2011.

Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 3, eff. June 17, 2015.


SUBCHAPTER B. NOTICE OF POTENTIAL PREDATOR;  INITIAL DETERMINATIONS

Sec. 841.021.  NOTICE OF POTENTIAL PREDATOR.  (a)  Subject to Subsection (a-1) and except as provided by Subsection (d), before the person's anticipated release date, the Texas Department of Criminal Justice shall give to the multidisciplinary team established under Section 841.022 written notice of the anticipated release of a person who:

(1)  is serving a sentence for:

(A)  a sexually violent offense described by Section 841.002(8)(A), (B), or (C); or

(B)  what is, or as described by this chapter what the department reasonably believes may be determined to be, a sexually violent offense described by Section 841.002(8)(D); and

(2)  may be a repeat sexually violent offender.

(a-1)  Regardless of whether any exigent circumstances are present, the Texas Department of Criminal Justice may give notice under this section with respect to a person who is scheduled to be released on parole or to mandatory supervision only if the person's anticipated release date is not later than 24 months after the date on which the notice will be given.  The department may not give notice with respect to a person who is currently released on parole or to mandatory supervision, but the multidisciplinary team may perform the functions described by Section 841.022(c) within the applicable period required by that subsection if the written notice required by this section was received by the team before the date of the person's release.

(b)  Repealed by Acts 2015, 84th Leg., R.S., Ch. 845 , Sec. 39(2), eff. June 17, 2015.

(c)  The Texas Department of Criminal Justice shall give the notice described by Subsection (a) not later than the first day of the 24th month before the person's anticipated release date, but under exigent circumstances may give the notice at any time before that date, except as provided by Subsection (a-1).  The notice must contain the following information:

(1)  the person's name, identifying factors, anticipated residence after release, and criminal history;

(2)  documentation of the person's institutional adjustment and actual treatment; and

(3)  an assessment of the likelihood that the person will commit a sexually violent offense after release.

(d)  The Texas Department of Criminal Justice may not provide notice under Subsection (a) of the anticipated release of a person for whom the department has previously provided notice under this section and who has been previously recommended for an assessment under Section 841.022 unless, after the recommendation for assessment was made:

(1)  the person is convicted of a new sexually violent offense; or

(2)  the person's parole or mandatory supervision is revoked based on:

(A)  the commission of a new sexually violent offense;

(B)  failure to adhere to the requirements of sex offender treatment and supervision; or

(C)  failure to register as a sex offender.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999.
Amended by:

Acts 2005, 79th Leg., Ch. 849 (S.B. 912), Sec. 2, eff. September 1, 2005.

Acts 2011, 82nd Leg., R.S., Ch. 1201 (S.B. 166), Sec. 5, eff. September 1, 2011.

Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 4, eff. June 17, 2015.

Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 39(2), eff. June 17, 2015.

Sec. 841.022.  MULTIDISCIPLINARY TEAM.  (a)  The executive director of the Texas Department of Criminal Justice shall establish a multidisciplinary team to review available records of a person referred to the team under Section 841.021.  The team must include:

(1)  a mental health professional from the Department of State Health Services;

(2)  two persons from the Texas Department of Criminal Justice as follows:

(A)  one person from the victim services division; and

(B)  one person from the sex offender rehabilitation program in the rehabilitation programs division;

(3)  a licensed peace officer who is employed by the Department of Public Safety and who has at least five years' experience working for that department or the officer's designee;

(4)  two persons from the office; and

(5)  a licensed sex offender treatment provider from the Council on Sex Offender Treatment.

(a-1)  The Texas Department of Criminal Justice, in consultation with the office, shall provide training to the members of the multidisciplinary team regarding the civil commitment program under this chapter, including training regarding:

(1)  eligibility criteria for commitment;

(2)  the process for evaluating persons for commitment; and

(3)  the sex offender treatment program for persons committed under this chapter.

(b)  The multidisciplinary team may request the assistance of other persons in making an assessment under this section.

(c)  Not later than the 60th day after the date the multidisciplinary team receives notice under Section 841.021(a), the team shall:

(1)  assess whether the person is a repeat sexually violent offender and whether the person is likely to commit a sexually violent offense after release;

(2)  give notice of that assessment to the Texas Department of Criminal Justice; and

(3)  recommend the assessment of the person for a behavioral abnormality, as appropriate.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999.
Amended by Acts 2003, 78th Leg., ch. 347, Sec. 18, eff. Sept. 1, 2003.

Amended by:

Acts 2011, 82nd Leg., R.S., Ch. 1201 (S.B. 166), Sec. 6, eff. September 1, 2011.

Acts 2015, 84th Leg., R.S., Ch. 1 (S.B. 219), Sec. 3.1628, eff. April 2, 2015.

Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 5, eff. June 17, 2015.


Sec. 841.023.  ASSESSMENT FOR BEHAVIORAL ABNORMALITY.  (a)  Not later than the 60th day after the date of a recommendation under Section 841.022(c), the Texas Department of Criminal Justice shall assess whether the person suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence.  To aid in the assessment, the department shall use an expert to examine the person.  The department may contract for the expert services required by this subsection.  The expert shall make a clinical assessment based on testing for psychopathy, a clinical interview, and other appropriate assessments and techniques to aid the department in its assessment.

(b)  If as a result of the assessment the Texas Department of Criminal Justice believes that the person suffers from a behavioral abnormality, not later than the 60th day after the date of a recommendation under Section 841.022(c) the department shall give notice of that assessment and provide corresponding documentation to the attorney representing the state for the county in which the person was most recently convicted of a sexually violent offense.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999.
Amended by Acts 2003, 78th Leg., ch. 347, Sec. 19, eff. Sept. 1, 2003.
Amended by:

Acts 2011, 82nd Leg., R.S., Ch. 1201 (S.B. 166), Sec. 7, eff. September 1, 2011.

Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 6, eff. June 17, 2015.


SUBCHAPTER C. PETITION ALLEGING PREDATOR STATUS

Sec. 841.041.  PETITION ALLEGING PREDATOR STATUS.  (a)  If a person is referred to the attorney representing the state under Section 841.023, the attorney may file, in the court of conviction for the person's most recent

sexually violent offense, a petition alleging that the person is a sexually violent predator and stating facts sufficient to support the allegation.

    (b)  A petition described by Subsection (a) must be:

        (1)  filed not later than the 90th day after the date the person is referred to the attorney representing the state;  and

        (2)  served on the person as soon as practicable after the date the petition is filed.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999.
Amended by Acts 2003, 78th Leg., ch. 347, Sec. 20, eff. Sept. 1, 2003.
Amended by:
    Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 7, eff. June 17, 2015.


    Sec. 841.042.  ASSISTANCE FROM SPECIAL PROSECUTION UNIT.  On request of the attorney representing the state, the special prosecution unit shall provide legal, financial, and technical assistance to the attorney for a civil commitment proceeding conducted under this chapter.

Added by Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 8, eff. June 17, 2015.


SUBCHAPTER D. TRIAL

    Sec. 841.061.  TRIAL.  (a)  The judge shall conduct a trial to determine whether the person is a sexually violent predator:

        (1)  not later than the 270th day after the date a petition is served on the person under Section 841.041; and

        (2)  not later than the person's sentence discharge date.

    (b)  The person or the state is entitled to a jury trial on demand.  A demand for a jury trial must be filed in writing not later than the 10th day before the date the trial is scheduled to begin.

    (c)  The person and the state are each entitled to an immediate examination of the person by an expert.  All components of the examination must be completed not later than the 90th day before the date the trial begins.

    (d)  Additional rights of the person at the trial include the following:

        (1)  the right to appear at the trial;

(2)   except as provided by Subsection (f), the right to present evidence on the person's behalf;

(3)   the right to cross-examine a witness who testifies against the person;  and

(4)   the right to view and copy all petitions and reports in the court file.

(e)   The attorney representing the state may rely on the petition filed under Section 841.041 and supplement the petition with documentary evidence or live testimony.

(f)   A person who is on trial to determine the person's status as a sexually violent predator is required to submit to all expert examinations that are required or permitted of the state to prepare for the person's trial.  A person who fails to submit to expert examination on the state's behalf as required by this subsection is subject to the following consequences:

(1)   the person's failure to participate may be used as evidence against the person at trial;

(2)   the person may be prohibited from offering into evidence the results of an expert examination performed on the person's behalf;  and

(3)   the person may be subject to contempt proceedings if the person violates a court order by failing to submit to an expert examination on the state's behalf.

(g)   A judge assigned to preside over a trial under this subchapter is not subject to an objection under Section 74.053, Government Code, other than an objection made under Section 74.053(d), Government Code.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999.
Amended by Acts 2003, 78th Leg., ch. 347, Sec. 21, eff. Sept. 1, 2003.
Amended by:
     Acts 2007, 80th Leg., R.S., Ch. 1219 (H.B. 2034), Sec. 7, eff. June 15, 2007.
     Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 9, eff. June 17, 2015.


Sec. 841.062.   DETERMINATION OF PREDATOR STATUS.   (a)   The judge or jury shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator.   Either the state or the person is entitled to appeal the determination.

(b)  A jury determination that the person is a sexually violent predator must be by unanimous verdict.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999.


Sec. 841.063.  CONTINUANCE.  (a)  Except as provided by Subsection (b), the judge may continue a trial or hearing conducted under this chapter if the person is not substantially prejudiced by the continuance and:

(1)  on the request of either party and a showing of good cause; or

(2)  on the judge's own motion in the due administration of justice.

(b)  The judge may not continue a trial conducted under this chapter to a date occurring later than the person's sentence discharge date.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999. Amended by Acts 2003, 78th Leg., ch. 347, Sec. 22, eff. Sept. 1, 2003. Amended by:

Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 10, eff. June 17, 2015.


Sec. 841.064.  MISTRIAL.  A trial following a mistrial must begin not later than the 90th day after the date a mistrial was declared in the previous trial, unless the later trial is continued as provided by Section 841.063.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999.


Sec. 841.065.  AGREED ORDER.  An agreed order of civil commitment must require the person to submit to the treatment and supervision administered by the office.

Added by Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 11, eff. June 17, 2015.


SUBCHAPTER E. CIVIL COMMITMENT

Sec. 841.081.  CIVIL COMMITMENT OF PREDATOR.  (a)  If at a trial conducted under Subchapter D the judge or jury determines that the person

is a sexually violent predator, the judge shall commit the person for treatment and supervision to be coordinated by the office.  The commitment order is effective immediately on entry of the order, except that the treatment and supervision begins on the person's release from a secure correctional facility and continues until the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence.

(b)  At any time after entry of a commitment order under Subsection (a), the office may provide to the person instruction regarding the requirements associated with the order, regardless of whether the person is incarcerated at the time of the instruction.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999.
Amended by Acts 2003, 78th Leg., ch. 347, Sec. 23, eff. Sept. 1, 2003.
Amended by:
Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 12, eff. June 17, 2015.


Sec. 841.082.  COMMITMENT REQUIREMENTS.
(a)  Before entering an order directing a person's civil commitment, the judge shall impose on the person requirements necessary to ensure the person's compliance with treatment and supervision and to protect the community.  The requirements shall include:
(1)  requiring the person to reside where instructed by the office;
(2)  prohibiting the person's contact with a victim of the person;
(3)  requiring the person's participation in and compliance with the sex offender treatment program provided by the office and compliance with all written requirements imposed by the office;
(4)  requiring the person to submit to appropriate supervision and:
(A)  submit to tracking under a particular type of tracking service, if the person:
(i)  while residing at a civil commitment center, leaves the center for any reason;
(ii)  is in one of the two most restrictive tiers of treatment, as determined by the office;
(iii)  is on disciplinary status, as determined by the office; or

(iv)   resides in the community; and

     (B)   if required to submit to tracking under Paragraph (A), refrain from tampering with, altering, modifying, obstructing, removing, or manipulating the tracking equipment; and

     (5)   prohibiting the person from leaving the state without prior authorization from the office.

    (b)   A tracking service to which a person is required to submit under Subsection (a)(4) must:

     (1)   track the person's location in real time;

     (2)   be able to provide a real-time report of the person's location to the office on request; and

     (3)   periodically provide a cumulative report of the person's location to the office.

    (c)   The judge shall provide a copy of the requirements imposed under Subsection (a) to the person and to the office.  The office shall provide a copy of those requirements to the case manager and to the service providers.

    (d)   The committing court retains jurisdiction of the case with respect to a proceeding conducted under this subchapter, other than a criminal proceeding involving an offense under Section 841.085, or to a civil commitment proceeding conducted under Subchapters F and G.

    (e)   The requirements imposed under Subsection (a) may be modified by the committing court at any time after notice to each affected party to the proceedings and a hearing.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999.
Amended by Acts 2003, 78th Leg., ch. 347, Sec. 24, eff. Sept. 1, 2003.
Amended by:
    Acts 2005, 79th Leg., Ch. 849 (S.B. 912), Sec. 3, eff. September 1, 2005.
    Acts 2005, 79th Leg., Ch. 849 (S.B. 912), Sec. 7(1), eff. September 1, 2005.
    Acts 2007, 80th Leg., R.S., Ch. 593 (H.B. 8), Sec. 1.12, eff. September 1, 2007.
    Acts 2011, 82nd Leg., R.S., Ch. 1201 (S.B. 166), Sec. 8, eff. September 1, 2011.
    Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 13, eff. June 17, 2015.

Acts 2017, 85th Leg., R.S., Ch. 34 (S.B. 1576), Sec. 16, eff.
September 1, 2017.


Sec. 841.0821. SEX OFFENDER TREATMENT BEFORE RELEASE FROM SECURE
CORRECTIONAL FACILITY. (a) The Texas Department of Criminal Justice shall
prioritize enrolling in a sex offender treatment program established by the
department any committed person who has not yet been released by the
department.

(b) The Texas Department of Criminal Justice and the office shall
adopt a memorandum of understanding that establishes their respective
responsibilities to institute a continuity of care for committed persons
enrolled in a sex offender treatment program established by the department.

Added by Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 14, eff. June
17, 2015.


Sec. 841.0822. REQUIRED PROCEDURES BEFORE RELEASE FROM SECURE
CORRECTIONAL FACILITY. Before a committed person is released from a secure
correctional facility, the Texas Department of Criminal Justice shall
ensure that:

(1) the Department of Public Safety issues a personal
identification card to the person; and

(2) the person completes an application for the following federal
benefits, as appropriate, for which the person may be eligible:

(A) social security benefits, including disability benefits,
administered by the United States Social Security Administration; and

(B) veterans benefits administered by the United States
Department of Veterans Affairs.

Added by Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 14, eff. June
17, 2015.


Sec. 841.083. TREATMENT; SUPERVISION. (a) The office shall
determine the conditions of supervision and treatment of a committed
person.

(b) The office shall provide supervision to the person. The
provision of supervision must include a tracking service and, if determined
necessary by the office, supervised housing.

(c)  The office shall enter into appropriate memoranda of understanding with the Texas Department of Criminal Justice for the provision of a tracking service and with the Department of Public Safety and local law enforcement authorities for assistance in the preparation of criminal complaints, warrants, and related documents and in the apprehension and arrest of a person.

(d)  The office shall enter into appropriate contracts for the provision of any necessary supervised housing and other related services and may enter into appropriate contracts for medical and mental health services and sex offender treatment.

(e)  The case manager shall:

(1)  coordinate the treatment and supervision required by this chapter, including performing a periodic assessment of the success of that treatment and supervision; and

(2)  provide a report to the office, semiannually or more frequently as necessary, which must include any known change in the person's status that affects proper treatment and supervision.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999.
Amended by Acts 2003, 78th Leg., ch. 347, Sec. 25, eff. Sept. 1, 2003.
Amended by:

Acts 2005, 79th Leg., Ch. 849 (S.B. 912), Sec. 4, eff. September 1, 2005.

Acts 2007, 80th Leg., R.S., Ch. 937 (H.B. 3560), Sec. 1.94, eff. September 1, 2007.

Acts 2011, 82nd Leg., R.S., Ch. 1201 (S.B. 166), Sec. 9, eff. September 1, 2011.

Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 15, eff. June 17, 2015.


Sec. 841.0831.  TIERED PROGRAM.  (a)  The office shall develop a tiered program for the supervision and treatment of a committed person.

(b)  The tiered program must provide for the seamless transition of a committed person from a total confinement facility to less restrictive housing and supervision and eventually to release from civil commitment, based on the person's behavior and progress in treatment.

Added by Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 16, eff. June 17, 2015.

Sec. 841.0832.  HOUSING FACILITIES.  (a)  The office shall operate, or contract with a vendor to operate, one or more facilities provided for the purpose of housing committed persons.

(b)  The office shall designate all or part of a facility under Subsection (a) to serve as an intake and orientation facility for committed persons on release from a secure correctional facility.

Added by Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 16, eff. June 17, 2015.
Amended by:
Acts 2017, 85th Leg., R.S., Ch. 34 (S.B. 1576), Sec. 17, eff. September 1, 2017.


Sec. 841.0833.  SECURITY AND MONITORING; CONFIDENTIALITY.  (a)  The office shall develop procedures for the security and monitoring of committed persons in each programming tier.

(b)  Information regarding the security and monitoring procedures developed under Subsection (a) is confidential and not subject to disclosure under Chapter 552, Government Code.

Added by Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 16, eff. June 17, 2015.
Amended by:
Acts 2017, 85th Leg., R.S., Ch. 34 (S.B. 1576), Sec. 18, eff. September 1, 2017.


Sec. 841.0834.  MOVEMENT BETWEEN PROGRAMMING TIERS.  (a)  The office shall transfer a committed person to less restrictive housing and supervision if the transfer is in the best interests of the person and conditions can be imposed that adequately protect the community.

(b)  Without the office's approval, a committed person may file a petition with the court for transfer to less restrictive housing and supervision.  The court shall grant the transfer if the court determines that the transfer is in the best interests of the person and conditions can be imposed that adequately protect the community.

(c)  The office shall return a committed person who has been transferred to less restrictive housing and supervision to a more restrictive setting if the office considers the transfer necessary to

further treatment and to protect the community.   The decision to transfer the person must be based on the person's behavior or progress in treatment.

(d)   A committed person returned to a more restrictive setting under Subsection (c) is entitled to file a petition with the court seeking review of the office's determination.   The court shall order the office to transfer the person to less restrictive housing and supervision only if the court determines that the office's determination was not made in accordance with Subsection (c).

(e)   A committed person who files a petition under this section shall serve a copy of the petition on the office.

Added by Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 16, eff. June 17, 2015.
Amended by:
Acts 2017, 85th Leg., R.S., Ch. 34 (S.B. 1576), Sec. 19, eff. September 1, 2017.


Sec. 841.0835.   COMMITTED PERSONS WITH SPECIAL NEEDS.   (a)   The Health and Human Services Commission, after coordination with the office, shall provide psychiatric services, disability services, and housing for a committed person with an intellectual or developmental disability, a mental illness, or a physical disability that prevents the person from effectively participating in the sex offender treatment program administered by the office.

(b)   For a committed person who the office has determined is unable to effectively participate in the sex offender treatment program because the person's mental illness prevents the person from understanding and internalizing the concepts presented by the program's treatment material, the Health and Human Services Commission shall provide inpatient mental health services until the person is able to participate effectively in the sex offender treatment program.

(c)   A person who is adjudicated as a sexually violent predator under this chapter and who has a mental illness that prevents the person from effectively participating in a sex offender treatment program presents a substantial risk of serious harm to the person or others for purposes of Chapter 574.

Added by Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 16, eff. June 17, 2015.

Amended by:

Acts 2017, 85th Leg., R.S., Ch. 301 (S.B. 613), Sec. 1, eff. September 1, 2017.


Sec. 841.0836.  RELEASE FROM HOUSING.  (a)  A committed person released from housing operated by or under contract with the office shall be released to:

(1)  the county in which the person was most recently convicted of a sexually violent offense; or

(2)  if the county described by Subdivision (1) does not provide adequate opportunities for the person's treatment and for the person's housing or other supervision, as determined by the office, a county designated by the office.

(b)  The office may require a committed person released to a county under Subsection (a)(2) to change the person's residence to the county described by Subsection (a)(1) if the office determines that adequate opportunities for the person's treatment and for the person's housing or other supervision become available in that county.

Added by Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 16, eff. June 17, 2015.
Amended by:

Acts 2017, 85th Leg., R.S., Ch. 34 (S.B. 1576), Sec. 20, eff. September 1, 2017.


Sec. 841.0837.  EMERGENCY DETENTION ORDER.  (a)  In this section, "peace officer" has the meaning assigned by Article 2.12, Code of Criminal Procedure.

(b)  For the purpose of returning a committed person to a more restrictive setting following a transfer to less restrictive housing and supervision under Section 841.0834 or a release under Section 841.0836, the office may issue an emergency detention order for the person's immediate apprehension and transportation to a location designated by the office.

Added by Acts 2017, 85th Leg., R.S., Ch. 34 (S.B. 1576), Sec. 21, eff. September 1, 2017.


Sec. 841.0838.  USE OF RESTRAINTS.  (a)  An employee of the office, or a person who contracts with the office or an employee of that person, may

use mechanical or chemical restraints on a committed person residing in a civil commitment center or while transporting a committed person who resides at the center only if:

     (1)  the employee or person completes a training program approved by the office on the use of restraints that:

        (A)  includes instruction on the office's approved restraint techniques and devices and the office's verbal de-escalation policies, procedures, and practices; and

        (B)  requires the employee or person to demonstrate competency in the use of the restraint techniques and devices; and

     (2)  the restraint is:

        (A)  used as a last resort;

        (B)  necessary to stop or prevent:

           (i)  imminent physical injury to the committed person or another;

           (ii)  threatening behavior by the committed person while the person is using or exhibiting a weapon;

           (iii)  a disturbance by a group of committed persons; or

           (iv)  an absconsion from the center; and

        (C)  the least restrictive restraint necessary, used for the minimum duration necessary, to prevent the injury, property damage, or absconsion.

    (b)  The office shall develop procedures governing the use of mechanical or chemical restraints on committed persons.

Added by Acts 2017, 85th Leg., R.S., Ch. 34 (S.B. 1576), Sec. 21, eff. September 1, 2017.


    Sec. 841.084.  PAYMENT OF COSTS BY COMMITTED PERSON.  (a) Notwithstanding Section 841.146(c), a civilly committed person who is not indigent:

     (1)  is responsible for the cost of:

        (A)  housing and treatment provided under this chapter;

        (B)  the tracking service required by Section 841.082; and

        (C)  repairs to or replacement of the tracking equipment required by Section 841.082, if the person intentionally caused the damage to or loss of the equipment, as determined by the office; and

     (2)  shall pay to the office:

        (A)   a monthly amount that the office determines will be necessary to defray the cost of providing the housing, treatment, and service with respect to the person; and

        (B)   as directed by the office, any amount for which the person is responsible under Subdivision (1)(C).

   (b)   Money collected under this section shall be deposited to the credit of the account from which the costs were originally paid.

Added by Acts 2007, 80th Leg., R.S., Ch. 593 (H.B. 8), Sec. 1.13, eff. September 1, 2007.
Amended by:
   Acts 2011, 82nd Leg., R.S., Ch. 1201 (S.B. 166), Sec. 10, eff. September 1, 2011.
   Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 17, eff. June 17, 2015.
   Acts 2017, 85th Leg., R.S., Ch. 34 (S.B. 1576), Sec. 22, eff. September 1, 2017.


   Sec. 841.0845.   NOTICE OF INTENT REGARDING NEW RESIDENCE OR FACILITY. (a)   The office shall provide advance notice of any intent to house one or more committed persons at a new residence or facility that has not previously served as housing for committed persons under this chapter.

   (b)   A vendor shall provide advance notice of any intent to submit a proposal to the office for the construction or renovation of a residence or facility that will serve as a new location for housing committed persons under this chapter.

   (c)   Notice must be provided in writing to each member of the legislature who represents a district containing territory in the affected county as follows:

        (1)   by a vendor, not later than the 30th day before the date that the vendor will submit a proposal described by Subsection (b) to the office; and

        (2)   by the office:

        (A)   as soon as practicable after awarding a contract for the construction or renovation of a residence or facility that will serve as a new location for housing committed persons under this chapter; or

        (B)   if a construction or renovation contract is unnecessary for the purpose, not later than the 30th day before the date that the

residence or facility will first be used as housing for committed persons under this chapter, except as provided by Subsection (d).

(d)   The office may provide notice required by Subsection (c)(2)(B) not later than 72 hours before transferring a committed person to the residence or facility if the transfer is necessary due to:

(1)   a medical emergency;

(2)   a serious behavioral or health and safety issue; or

(3)   release from a secure correctional facility.

Added by Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 18, eff. June 17, 2015.


Sec. 841.085.  CRIMINAL PENALTY; PROSECUTION OF OFFENSE.  (a)  A person commits an offense if, after having been adjudicated and civilly committed as a sexually violent predator under this chapter, the person violates a civil commitment requirement imposed under Section 841.082(a)(1), (2), (4), or (5).

(b)   An offense under this section is a felony of the third degree.

(c)   On request of the local prosecuting attorney, the special prosecution unit may assist in the trial of an offense under this section.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999. Amended by:

Acts 2007, 80th Leg., R.S., Ch. 1219 (H.B. 2034), Sec. 8, eff. September 1, 2007.

Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 19, eff. June 17, 2015.

Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 39(2), eff. June 17, 2015.

Acts 2017, 85th Leg., R.S., Ch. 34 (S.B. 1576), Sec. 23, eff. September 1, 2017.


SUBCHAPTER F. COMMITMENT REVIEW

Sec. 841.101.  BIENNIAL EXAMINATION.  (a)  A person committed under Section 841.081 shall receive a biennial examination.  The office shall contract for an expert to perform the examination.

(b)   In preparation for a judicial review conducted under Section 841.102, the office shall provide a report of the biennial examination to

the judge and to the person.  The report must include consideration of whether to modify a requirement imposed on the person under this chapter and whether to release the person from all requirements imposed on the person under this chapter.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999. Amended by:

    Acts 2011, 82nd Leg., R.S., Ch. 1201 (S.B. 166), Sec. 11, eff. September 1, 2011.

    Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 20, eff. June 17, 2015.


    Sec. 841.102.  BIENNIAL REVIEW.  (a)  Not later than the 60th day after the date of receipt of the report submitted under Section 841.101, the judge shall conduct a biennial review of the status of the committed person and issue an order concluding the review or setting a hearing under Subsection (c).

    (b)  The person is entitled to be represented by counsel at the biennial review, but the person is not entitled to be present at that review.

    (c)  The judge shall set a hearing if the judge determines at the biennial review that:

        (1)  a requirement imposed on the person under this chapter should be modified;  or

        (2)  probable cause exists to believe that the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999. Amended by:

    Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 21, eff. June 17, 2015.


    Sec. 841.103.  HEARING.  (a)  At a hearing set by the judge under Section 841.102, the person and the state are entitled to an immediate examination of the person by an expert.

    (b)  If the hearing is set under Section 841.102(c)(1), hearsay evidence is admissible if it is considered otherwise reliable by the judge.

(c)  If the hearing is set under Section 841.102(c)(2), the committed person is entitled to be present and to have the benefit of all constitutional protections provided to the person at the initial civil commitment proceeding.  On the request of the person or the attorney representing the state, the court shall conduct the hearing before a jury. The burden of proof at that hearing is on the state to prove beyond a reasonable doubt that the person's behavioral abnormality has not changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999.


## SUBCHAPTER G. PETITION FOR RELEASE

Sec. 841.121.  AUTHORIZED PETITION FOR RELEASE.  (a)  If the office determines that the committed person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence, the office shall authorize the person to petition the court for release.

(b)  The petitioner shall serve a petition under this section on the court and the attorney representing the state.

(c)  The judge shall set a hearing on a petition under this section not later than the 30th day after the date the judge receives the petition. The petitioner and the state are entitled to an immediate examination of the petitioner by an expert.

(d)  On request of the petitioner or the attorney representing the state, the court shall conduct the hearing before a jury.

(e)  The burden of proof at the hearing is on the state to prove beyond a reasonable doubt that the petitioner's behavioral abnormality has not changed to the extent that the petitioner is no longer likely to engage in a predatory act of sexual violence.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999. Amended by:

Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 22, eff. June 17, 2015.


Sec. 841.122.  RIGHT TO FILE UNAUTHORIZED PETITION FOR RELEASE.  On a person's commitment and annually after that commitment, the office shall

provide the person with written notice of the person's right to file with
the court and without the office's authorization a petition for release.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999.
Amended by:
    Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 23, eff. June 17,
2015.


    Sec. 841.123.  REVIEW OF UNAUTHORIZED PETITION FOR RELEASE.  (a)  If
the committed person files a petition for release without the office's
authorization, the person shall serve the petition on the court and the
attorney representing the state.
    (b)  The judge shall review and issue a ruling on a petition for
release filed by the committed person without the office's authorization
not later than the 60th day after the date of filing of the petition.
    (c)  Except as provided by Subsection (d), the judge shall deny
without a hearing a petition for release filed without the office's
authorization if the petition is frivolous or if:
        (1)  the petitioner previously filed without the office's
authorization another petition for release; and
        (2)  the judge determined on review of the previous petition or
following a hearing that:
            (A)  the petition was frivolous; or
            (B)  the petitioner's behavioral abnormality had not changed
to the extent that the petitioner was no longer likely to engage in a
predatory act of sexual violence.
    (d)  The judge is not required to deny a petition under Subsection (c)
if probable cause exists to believe that the petitioner's behavioral
abnormality has changed to the extent that the petitioner is no longer
likely to engage in a predatory act of sexual violence.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999.
Amended by:
    Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 24, eff. June 17,
2015.


    Sec. 841.124.  HEARING ON UNAUTHORIZED PETITION FOR RELEASE.  (a)  If
as authorized by Section 841.123 the judge does not deny a petition for
release filed by the committed person without the office's authorization,

the judge shall conduct a hearing on the petition not later than the 60th day after the date of filing of the petition.

(b)   The petitioner and the state are entitled to an immediate examination of the person by an expert.

(c)   On request of the petitioner or the attorney representing the state, the court shall conduct the hearing before a jury.

(d)   The burden of proof at the hearing is on the state to prove beyond a reasonable doubt that the petitioner's behavioral abnormality has not changed to the extent that the petitioner is no longer likely to engage in a predatory act of sexual violence.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999. Amended by:

Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 25, eff. June 17, 2015.


SUBCHAPTER H. MISCELLANEOUS PROVISIONS

Sec. 841.141.   RULEMAKING AUTHORITY.   (a)   The office by rule shall administer this chapter.   Rules adopted by the office under this section must be consistent with the purposes of this chapter.

(b)   Repealed by Acts 2017, 85th Leg., R.S., Ch. 34 (S.B. 1576), Sec. 40(2), eff. September 1, 2017.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999. Amended by:

Acts 2011, 82nd Leg., R.S., Ch. 1201 (S.B. 166), Sec. 12, eff. September 1, 2011.

Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 26, eff. June 17, 2015.

Acts 2017, 85th Leg., R.S., Ch. 34 (S.B. 1576), Sec. 40(2), eff. September 1, 2017.


Sec. 841.142.   RELEASE OR EXCHANGE OF INFORMATION.   (a)   To protect the public and to enable an assessment or determination relating to whether a person is a sexually violent predator, any entity that possesses relevant information relating to the person shall release the information to an entity charged with making an assessment or determination under this chapter.

(b)  To protect the public and to enable the provision of supervision and treatment to a person who is a sexually violent predator, any entity that possesses relevant information relating to the person shall release the information to the office.

(c)  On the written request of any attorney for another state or for a political subdivision in another state, the Texas Department of Criminal Justice, the office, a service provider contracting with one of those agencies, the multidisciplinary team, and the applicable attorney representing the state shall release to the attorney any available information relating to a person that is sought in connection with an attempt to civilly commit the person as a sexually violent predator in another state.

(d)  To protect the public and to enable an assessment or determination relating to whether a person is a sexually violent predator or to enable the provision of supervision and treatment to a person who is a sexually violent predator, the Texas Department of Criminal Justice, the office, a service provider contracting with one of those agencies, the multidisciplinary team, and the applicable attorney representing the state may exchange any available information relating to the person.

(e)  Information subject to release or exchange under this section includes information relating to the supervision, treatment, criminal history, or physical or mental health of the person, as appropriate, regardless of whether the information is otherwise confidential and regardless of when the information was created or collected.  The person's consent is not required for release or exchange of information under this section.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999.
Amended by Acts 2003, 78th Leg., ch. 347, Sec. 27, eff. Sept. 1, 2003.
Amended by:
    Acts 2011, 82nd Leg., R.S., Ch. 1201 (S.B. 166), Sec. 13, eff. September 1, 2011.
    Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 27, eff. June 17, 2015.


    Sec. 841.143.  REPORT, RECORD, OR STATEMENT SUBMITTED TO COURT.  (a) A psychological report, drug and alcohol report, treatment record, diagnostic report, medical record, or victim impact statement submitted to the court under this chapter is part of the record of the court.

(b)   Notwithstanding Subsection (a), the report, record, or statement must be sealed and may be opened only:

          (1)   on order of the judge;

          (2)   as provided by this chapter;  or

          (3)   in connection with a criminal proceeding as otherwise provided by law.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999.


     Sec. 841.144.   COUNSEL.   (a)   Immediately after the filing of a petition under Section 841.041, a person subject to a civil commitment proceeding under this chapter is entitled to the assistance of counsel at all stages of the proceeding.

     (b)   If the person is indigent, the court shall appoint counsel as appropriate under Section 841.005 to assist the person.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999. Amended by Acts 2003, 78th Leg., ch. 347, Sec. 28, eff. Sept. 1, 2003.


     Sec. 841.145.   EXPERT.   (a)   At the person's own expense, a person who is examined under this chapter may retain an expert to perform an examination or participate in a civil commitment proceeding on the person's behalf, including a biennial examination or other civil commitment proceeding to assess the person's status as a sexually violent predator.

     (b)   On the request of an indigent person examined under this chapter, the judge shall determine whether expert services for the person are necessary.   If the judge determines that the services are necessary, the judge shall appoint an expert to perform an examination or participate in a civil commitment proceeding on the person's behalf and shall approve compensation for the expert as appropriate under Subsection (c).

     (c)   The court shall approve reasonable compensation for expert services rendered on behalf of an indigent person on the filing of a certified compensation claim supported by a written statement specifying:

          (1)   time expended on behalf of the person;

          (2)   services rendered on behalf of the person;

          (3)   expenses incurred on behalf of the person;  and

          (4)   compensation received in the same case or for the same services from any other source.

(d)  The court shall ensure that an expert retained or appointed under this section has for purposes of examination reasonable access to a person examined under this chapter, as well as to all relevant medical and psychological records and reports.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999. Amended by:

Acts 2005, 79th Leg., Ch. 849 (S.B. 912), Sec. 5, eff. September 1, 2005.


Sec. 841.146.  CIVIL COMMITMENT PROCEEDING;  PROCEDURE AND COSTS.  (a) On request, a person subject to a civil commitment proceeding under this chapter and the attorney representing the state are entitled to a jury trial or a hearing before a jury for that proceeding, except for a proceeding set by the judge under Section 841.102(c)(1).  The number and selection of jurors are governed by Chapter 33, Code of Criminal Procedure.

(b)  Except as otherwise provided by this subsection, a civil commitment proceeding is subject to the rules of procedure and appeal for civil cases.  To the extent of any conflict between this chapter and the rules of procedure and appeal for civil cases, this chapter controls.

(c)  In an amount not to exceed $2,500, the State of Texas shall pay all costs associated with a civil commitment proceeding conducted under Subchapter D. The State of Texas shall pay the reasonable costs of state or appointed counsel or experts for any other civil commitment proceeding conducted under this chapter and shall pay the reasonable costs of the person's treatment and supervision.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999. Amended by Acts 2003, 78th Leg., ch. 347, Sec. 29, eff. Sept. 1, 2003. Amended by:

Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 28, eff. June 17, 2015.


Sec. 841.1461.  CERTAIN EXPERT TESTIMONY NOT REQUIRED FOR CIVIL COMMITMENT OF SEXUALLY VIOLENT PREDATOR.  A person who suffers from a behavioral abnormality as determined under this chapter is not because of that abnormality a person of unsound mind for purposes of Section 15-a, Article I, Texas Constitution.

Added by Acts 2003, 78th Leg., ch. 347, Sec. 30, eff. Sept. 1, 2003.


     Sec. 841.1462.  PRIVILEGE FOR PERSONAL INFORMATION THAT IDENTIFIES
VICTIM.  Personal information, including a home address, home telephone
number, and social security account number, that identifies the victim of a
person subject to a civil commitment proceeding under this chapter is
privileged from discovery by that person.

Added by Acts 2003, 78th Leg., ch. 347, Sec. 30, eff. Sept. 1, 2003.


     Sec. 841.1463.  FAILURE TO GIVE NOTICE WITHIN RELEVANT PERIOD NOT
JURISDICTIONAL ERROR.  The periods within which notice must be given under
this chapter are binding on all appropriate persons as provided by this
chapter, but a failure to give notice within the relevant period is not a
jurisdictional error.

Added by Acts 2003, 78th Leg., ch. 347, Sec. 30, eff. Sept. 1, 2003.


     Sec. 841.147.  IMMUNITY.  The following persons are immune from
liability for good faith conduct under this chapter:
          (1)  an employee or officer of the Texas Department of Criminal
Justice or the office;
          (2)  a member of the multidisciplinary team established under
Section 841.022;
          (3)  the applicable attorney representing the state and an
employee of the attorney; and
          (4)  a person providing, or contracting, appointed, or
volunteering to perform, a tracking service or another service under this
chapter.

Added by Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999.
Amended by Acts 2003, 78th Leg., ch. 347, Sec. 31, eff. Sept. 1, 2003.
Amended by:
     Acts 2007, 80th Leg., R.S., Ch. 1219 (H.B. 2034), Sec. 9, eff.
September 1, 2007.
     Acts 2011, 82nd Leg., R.S., Ch. 1201 (S.B. 166), Sec. 14, eff.
September 1, 2011.
     Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 29, eff. June 17,
2015.

Sec. 841.150.   EFFECT OF SUBSEQUENT DETENTION, CONFINEMENT, OR COMMITMENT ON ORDER OF CIVIL COMMITMENT.   (a)   The duties imposed on the office and the judge by this chapter are suspended for the duration of a detention or confinement of a committed person in a correctional facility, secure correctional facility, or secure detention facility, or if applicable any other commitment of the person to a community center, mental health facility, or state supported living center, by governmental action.

(b)   In this section:

(1)   "Community center" means a center established under Subchapter A, Chapter 534.

(2)   "Correctional facility" has the meaning assigned by Section 1.07, Penal Code.

(3)   "Mental health facility" has the meaning assigned by Section 571.003.

(4)   "Secure correctional facility" and "secure detention facility" have the meanings assigned by Section 51.02, Family Code.

(5)   "State supported living center" has the meaning assigned by Section 531.002.

Added by Acts 2003, 78th Leg., ch. 347, Sec. 30, eff. Sept. 1, 2003.
Amended by:

Acts 2005, 79th Leg., Ch. 849 (S.B. 912), Sec. 6, eff. September 1, 2005.

Acts 2011, 82nd Leg., R.S., Ch. 1201 (S.B. 166), Sec. 15, eff. September 1, 2011.

Acts 2015, 84th Leg., R.S., Ch. 1 (S.B. 219), Sec. 3.1629, eff. April 2, 2015.

Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 30, eff. June 17, 2015.


Sec. 841.151.   NOTICE OF RELEASE OF SEXUALLY VIOLENT PREDATOR.   (a)   In this section:

(1)   "Correctional facility" has the meaning assigned by Section 1.07, Penal Code.

(2)   "Secure correctional facility" and "secure detention facility" have the meanings assigned by Section 51.02, Family Code.

(b)  This section applies to a person who has been civilly committed under this chapter and who is detained or confined in a correctional facility, secure correctional facility, or secure detention facility as a result of violating:

      (1)  a civil commitment requirement imposed under Section 841.082(a)(1), (2), (4), or (5); or

      (2)  a law of this state.

(c)  As soon as practicable before, but not later than the third business day preceding, the date a correctional facility, secure correctional facility, or secure detention facility releases a person who, at the time of the person's detention or confinement, was civilly committed under this chapter as a sexually violent predator, the facility shall notify the office and the person's case manager in writing of the anticipated date and time of the person's release.

(d)  A case manager, on request, shall provide a correctional facility, a secure correctional facility, or a secure detention facility with the case manager's appropriate contact information for notification under Subsection (c).

Added by Acts 2011, 82nd Leg., R.S., Ch. 1201 (S.B. 166), Sec. 16, eff. September 1, 2011.
Amended by:
    Acts 2015, 84th Leg., R.S., Ch. 845 (S.B. 746), Sec. 31, eff. June 17, 2015.
    Acts 2017, 85th Leg., R.S., Ch. 34 (S.B. 1576), Sec. 24, eff. September 1, 2017.


    Sec. 841.152.  CERTAIN HEARINGS BY CLOSED-CIRCUIT VIDEO TELECONFERENCING PERMITTED.  (a)  Notwithstanding Section 841.103(c), on motion by the attorney representing the state, the court shall require a committed person to appear via closed-circuit video teleconferencing at a hearing on the modification of civil commitment requirements under Section 841.082 or a hearing under Subchapter F or G.

(b)  A recording of a hearing conducted as provided by Subsection (a) shall be made and preserved with the court's record of the hearing.

Added by Acts 2017, 85th Leg., R.S., Ch. 34 (S.B. 1576), Sec. 25, eff. September 1, 2017.

1/19/2021

Sec. 841.153. STATE-ISSUED IDENTIFICATION; NECESSARY DOCUMENTATION.

(a)  On the release of a committed person from a correctional facility, secure correctional facility, or secure detention facility, as those terms are defined by Section 841.151, the office shall:

　　　(1)  determine whether the person has:

　　　　　(A)  a valid license issued under Chapter 521 or 522, Transportation Code; or

　　　　　(B)  a valid personal identification certificate issued under Chapter 521, Transportation Code; and

　　　(2)  if the person does not have a valid license or certificate described by Subdivision (1), submit to the Department of Public Safety on behalf of the person a request for the issuance of a personal identification certificate under Chapter 521, Transportation Code.

(b)  The office shall submit a request under Subsection (a)(2) as soon as practicable.

(c)  The office, the Department of Public Safety, and the vital statistics unit of the Department of State Health Services by rule shall adopt a memorandum of understanding that establishes their respective responsibilities with respect to the issuance of a personal identification certificate to a committed person, including responsibilities related to verification of the person's identity.  The memorandum of understanding must require the Department of State Health Services to electronically verify the birth record of a committed person whose name and any other personal information is provided by the office and to electronically report the recorded filing information to the Department of Public Safety to validate the identity of a committed person under this section.

(d)  The office shall reimburse the Department of Public Safety or the Department of State Health Services, as applicable, for the actual costs incurred by those agencies in performing responsibilities established under this section.  The office may charge a committed person for the actual costs incurred under this section or for the fees required by Section 521.421, Transportation Code.

Added by Acts 2017, 85th Leg., R.S., Ch. 34 (S.B. 1576), Sec. 25, eff. September 1, 2017.