IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES FINCH | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv018 |
| TEXAS DEPT. OF PUBLIC SAFETY, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff filed this civil rights lawsuit under 42 U.S.C. § 1983 to challenge the constitutionality of the Texas Sex Offender Registration Act and the alleged impropriety of his arrest pursuant to that Act. (Dkt. #1 at 1.) The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Plaintiff's Allegations and Relevant Background**

Plaintiff alleges that Texas's Sex Offender Registration Program is "unconstitutional under the United States Constitution" for various reasons. (Dkt. #1 at 1.) At the time he filed his complaint, he was "awaiting trial on a prohibitively high bond," having been arrested for failing to comply with the sex offender registration requirements. (*Id.* at 6.) In addition to the unconstitutionality of the law he was charged with violating, Plaintiff alleges that he was arrested without probable cause. (*Id.* at 7.) He does not specify the relief he seeks, but it is clear that awarding any relief would necessitate a finding that his arrest and/or prosecution was unlawful.

For that reason, on February 15, 2022, the Court found that Plaintiff's claims directly challenge "the constitutionality of his arrest and of the statute under which he is being prosecuted and thus would necessarily impugn the validity of any eventual conviction in his pending criminal

case." (Dkt. #7 at 2.) Accordingly, the Court administratively stayed this case pending the outcome of his prosecution, as instructed by *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007), and *Lewis v. Beddingfield*, 20 F.3d 123, 124 (5th Cir. 1994), and ordered Plaintiff to notify the Court when his criminal case was resolved and to move to reopen this case if appropriate. (*Id.* at 3.)

On June 13, 2022, Plaintiff filed a notice that he had been convicted of the charges against him on May 20, 2022. (Dkt. 8.) He attached the judgment of conviction establishing that he pleaded guilty to three counts of failure to comply with sex offender requirements and was sentenced to 778 days in the Texas Department of Criminal Justice, with full credit for 778 days of time served in pretrial detention. (Dkt. #8-1.) He moved to reopen this case, and, by contemporaneous order, the Court has reopened the case for the purpose of screening Plaintiff's complaint.

## II. Legal Standards and Preliminary Screening

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, and he is also proceeding *in forma pauperis*. His complaint is thus subject to preliminary screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), each of which requires *sua sponte* dismissal of a complaint if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County,*

*Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

3

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

### III. Discussion and Analysis

Plaintiff's claims directly challenge the validity of his criminal conviction and is, therefore, not cognizable in a Section 1983 action. In *Wilkinson v. Dotson,* 544 U.S. 74, 78–82 (2005), the Supreme Court reviewed *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny. It explained that, under *Heck*, "a state prisoner's section 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82. The *Dotson* Court emphasized that habeas corpus is the exclusive remedy for state prisoners who "seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81. Plaintiff's claims are thus barred by *Heck* as long as his conviction stands, regardless of the fact that he is apparently no longer in custody. *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (observing a circuit split on the issue but affirming *Heck* dismissal of claim by former inmate because *Heck* "unequivocally" required favorable termination to seek damages for allegedly unconstitutional conviction); *see also Shipman v. Sowell*, 766 F. App'x 20, 28 n.1 (5th Cir. 2019) (explaining that "this court has extended *Heck* . . . to a person no longer in custody and unable to obtain habeas relief"); *Ward v. Guy*, No.

4

421CV00599ALMCAN, 2022 WL 866326, at *2 (E.D. Tex. Jan. 26, 2022), *report and recommendation adopted*, No. 4:21-CV-599, 2022 WL 855291 (E.D. Tex. Mar. 21, 2022) ("*Heck*'s favorable-termination rule applies to § 1983 suits by plaintiffs who are no longer in custody.")

Ordinarily, dismissal of a claim as barred by *Heck* and *Dotson* is without prejudice to a plaintiff's ability to re-file his Section 1983 claim if and when he succeeds in having his conviction overturned or invalidated through proper means. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) ("Because these dismissals do not put a defendant to the task of preparing for trial unnecessarily, or inflict other undue prejudice, they do not preclude a later claim meeting the preconditions for suit. A preferred order of dismissal would read: Plaintiffs claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.")

## IV. Conclusion

For the reasons set forth above, Plaintiff's claim is barred by *Heck* and must be dismissed for failure to state a claim on that basis. *See Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) ("We have routinely characterized a *Heck* dismissal as one for failure to state a claim[.]").

## RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed as barred by *Heck*, and thus for failure to state a claim for which relief can be granted, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii). This dismissal should be without prejudice to Plaintiff's ability to refile his lawsuit if and when he succeeds in overturning his criminal conviction through state remedies or federal habeas proceedings.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 14th day of July, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE