UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00018

**James Finch,**
*Plaintiff,*

v.

**Texas Department of Public Safety et al.,**
*Defendants.*

# ORDER

Plaintiff James Finch, proceeding pro se and *in forma pauperis*, filed this civil-rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). Doc. 3.

On January 24, 2022, the court found that the complaint raised unrelated issues concerning the constitutionality of the state law under which plaintiff was being prosecuted and the conditions of his confinement in the Anderson County Jail. Doc. 6. Accordingly, the court severed plaintiff's conditions-of-confinement claims into a separate lawsuit. *Id.* On February 15, 2022, the court stayed proceedings in this case pending the outcome of plaintiff's prosecution, as instructed by *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) and *Lewis v. Beddingfield*, 20 F.3d 123, 124 (5th Cir. 1994), because plaintiff's claim necessarily impugned the validity of any eventual conviction. Doc. 7. The court reopened the case on July 13, 2022, after plaintiff notified the court that he had been convicted. Doc. 9.

On July 14, 2022, the magistrate judge issued a report recommending that the complaint be dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because plaintiff's claim conflicts with the validity of his standing conviction. Doc. 10. Plaintiff filed written objections. Doc. 12.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P.

72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended dismissal because plaintiff's claim—that the statute he was convicted of violating is unconstitutional—would necessarily demonstrate the invalidity of the state's criminal judgment against him. Plaintiff's objection to the report does not address or contradict that finding. To the contrary, plaintiff confirms that he always intended his claim to be a constitutional challenge to a statute and that the remedy he seeks "will, by necessity, rule his conviction invalid." Doc. 12 at 1–2. That is precisely what *Heck* and its progeny prohibit. *Shipman v. Sowell*, 766 F. App'x 20, 27 (5th Cir. 2019) ("*Heck* forbids a plaintiff who has been convicted of a crime from launching 'a collateral attack on the conviction through the vehicle of a civil suit.'").

Plaintiff also suggests that severing his unrelated conditions-of-confinement claim has some bearing on this ruling and that his complaint should be allowed "to proceed as it was originally intended." Doc. 12 at 1. But plaintiff's unrelated claims were properly severed pursuant to Rule 21 of the Federal Rules of Civil Procedure. Moreover, plaintiff's challenge to his statute of conviction would be subject to dismissal under *Heck* regardless of whether it was considered alone or as part of a larger case.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objection and accepts the report's findings and recommendation. This case is dismissed without prejudice for failure to state a claim upon which relief can be granted.

*So ordered by the court on September 2, 2022.*

J. CAMPBELL BARKER
United States District Judge